NOTTINGHAM, a Minor, et al., Appellants,

v.

**AKRON BOARD OF EDUCATION, Appellee, et al.**

[Cite as *Nottingham v. Akron Bd. of Edn.* (1992), 81 Ohio App.3d 319.]

Court of Appeals of Ohio,
Summit County.

No. 15321.

Decided April 22, 1992.

320

*John P. Tremsyn* and *Stephen G. Thomas,* for appellants.

*Paul Favalon,* for appellee.

*James Gutbrod* and *William Oldham,* for defendants.

REECE, Judge.

Plaintiffs-appellants, Richard, Vernon and Patricia Nottingham, challenge an entry of summary judgment in favor of defendant-appellee, Akron Board of Education ("board"), in this personal injury action.

Richard Nottingham suffered injuries on February 13, 1990 when he was attacked by a pit bull terrier on school property. On November 19, 1990, he and his parents, Vernon and Patricia, filed a complaint in the Summit County Court of Common Pleas against the board and several other defendants. After a number of depositions were taken, the board moved for summary judgment. The trial court granted this request over the Nottinghams' opposition. This appeal follows.

### Assignment of Error No. I

"The trial court committed prejudicial error in granting appellee Akron Board of Education's motion for summary judgment where appellant demonstrated the existence of genuine issues of material fact as to whether this appellee assumed the duty to provide security, whether said duty was breached, and whether said breach was a proximate cause of appellants' damages."

The moving party bears the overall burden of demonstrating the appropriateness of summary judgment. *Hamlin v. McAlpin Co.* (1964), 175 Ohio St. 517, 26 O.O.2d 206, 196 N.E.2d 781, paragraph two of the syllabus. Such may be granted by authority of Civ.R. 56(C) only if no genuine issues of material fact remain to be litigated, entitling the movant to judgment as a matter of law. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471, 364 N.E.2d 267, 273. We review the trial court's final entry *de novo.* See *Delker v. Ohio Edison Co.* (1989), 47 Ohio App.3d 1, 2, 546 N.E.2d 975, 976.

Once the movant has set forth a cognizable basis for summary judgment, the nonmoving party is required to produce evidence on any issue so identified for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095,

paragraph three of the syllabus. Based upon the materials submitted, the trial court concluded as follows:

"Construing the facts most favorably to the Plaintiffs, Richard Nottingham, a minor, was attacked by a dog which another student, Kevin Smith, had brought onto Akron school property during the regular school day. At the time of the attack, 12:30 p.m., Richard was attending a diesel mechanics lab at Ellet High School. Kevin walked the dog onto school property near the lab doors and was speaking to several other students. Richard briefly joined them and, upon turning to leave, was attacked by the dog. There is no evidence of any provocation by Richard. Richard sustained a severe bite to his right leg, resulting in damages to him and his parents.

"A security [assistant, Edward Rasnik], employed by [the board] to provide security to Ellet High School, was on duty that day. Between the hours of 10:45 a.m. and 1:00 p.m., [Rasnik] was responsible for patrolling the parking lot, which is abutted by the diesel mechanics lab, and permitting only authorized persons to enter and exit the school property. He also had responsibility for supervising students in the surrounding neighborhood who had left the school property during the 'open' lunch period. [Rasnik] had no security training, a fact of which [the board] was aware.

"Kevin was authorized to leave the premises for lunch but had no permission to bring the dog onto school property during school hours. In fact, Kevin had taken the dog from David Papaioan's (the dog owner) home without his knowledge or permission. [Rasnik] did not see Kevin bring the dog onto school property and did not know of the attack until 1:00 p.m., after finishing his patrol."

The Nottinghams argue that the board was negligent because its employee, Rasnik, failed to adequately supervise the parking lot where the attack took place. It is well settled, however, that there is no general duty upon school officials to watch over each child at all times. *Allison v. Field Local School Dist.* (1988), 51 Ohio App.3d 13, 14, 553 N.E.2d 1383, 1384; *Miller v. Howard* (July 18, 1990), Lorain App. No. 89CA004730, unreported, at 4, 1990 WL 102448.[1] Unless a more specific obligation is assumed, such personnel are bound only under the common law to exercise that care necessary to avoid reasonably foreseeable injuries. See *Commerce & Industry Ins. Co. v. Toledo* (1989), 45 Ohio St.3d 96, 98, 543 N.E.2d 1188, 1192; *Huston v. Konieczny* (1990), 52 Ohio St.3d 214, 217, 556 N.E.2d 505, 508.

---

**1.** Reporter's Note: An appeal to the Supreme Court of Ohio was dismissed for lack of prosecution in (1990), 56 Ohio St.3d 706, 565 N.E.2d 606.

■ There is no evidence in the record suggesting that either Rasnik or the board should have been aware that Smith would bring a pit bull terrier to the school. Rasnik never saw the boy with the dog prior to the attack. No similar incidents had occurred in the past. We therefore agree with the trial judge that the Nottinghams have not shown a breach of the common law duty of due care.

■ The Nottinghams further contend that when the board, through its administrators, endeavored to provide security for the school, it was incumbent upon such personnel to prevent Smith from bringing the dog on the parking lot. This hypothesis is premised upon the belief that Rasnik was assigned exclusively to guard the parking lot at the time of the attack and was therefore remiss in failing to detect Smith's approach. Nevertheless, no evidence was presented to support this claim. Rasnik testified in his deposition that his assignment was to keep an eye on the entire grounds, not just one area, during the open lunch. He would not always sit in the parking lot but would also patrol the surrounding neighborhood. Consequently, Rasnik's absence from the scene did not, by itself, violate any responsibilities he may have had to Nottingham.

■ The Nottinghams maintain, in addition, that Richard rightfully assumed that the pit bull terrier was not dangerous based upon his belief that Rasnik would not allow a vicious animal on the parking lot. They cite Restatement of the Law 2d, Torts (1965) 142, Section 324A, which states:

"One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

"(a) his failure to exercise reasonable care increases the risk of such harm, or

"(b) he has undertaken to perform a duty owed by the other to the third person, or

"(c) the harm is suffered because of reliance of the other or the third person upon the undertaking."

As was previously explained, the evidence presented verifies that the board did not undertake to fortify the parking lot from all potentially dangerous intruders throughout the lunch break. If this was Richard Nottingham's understanding, he was mistaken. His misinterpretation of Rasnik's assignment cannot be employed to create a heightened standard of care where none would otherwise exist.

■ Finally, the Nottinghams assert that the board was negligent in failing to provide Rasnik with specific security training. No attempt is made to explain, let alone demonstrate, why the board was obliged to supply such additional instruction. The record is utterly devoid, moreover, of any evidence indicating that Rasnik's lack of formal training was the proximate cause of the animal attack.

The trial court properly granted summary judgment in favor of the board. This assignment of error is overruled.

### Assignment of Error No. II

"The trial court erred to the prejudice of appellants by failing to grant their motion for leave to file their second amended complaint, instanter, which identified the previously unknown defendant."

■ The Nottinghams' complaint named "John Doe I" and "John Doe II" as defendants, identifying them only as board employees responsible for supervising students. The second count of the pleading alleged that they were individually liable for Richard's injuries. Although the Nottinghams attempted to amend their complaint to identify Rasnik as one of the John Does, the motion was never ruled upon.

Upon review of the entries docketed in the record, we are unable to tell whether these claims against the John Does have been resolved. They could, quite possibly, still be pending.[2] Any discussion of the merits of this assignment of error would therefore be premature.

This assignment of error is also overruled.

We will not pass upon the board's cross-assignment of error addressing sovereign immunity. R.C. 2505.22.

The judgment of the court of common pleas as appealed is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and COOK, J., concur.

2. It should be observed that the entry of August 19, 1991 granting summary judgment in favor of board is still properly before this court. The order was final pursuant to R.C. 2505.02 and the requisite Civ.R. 54(B) language was employed. See *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 540 N.E.2d 1381, syllabus.