**WILLIAMS, A Minor, et al., Appellants,**

v.

**COLUMBUS BOARD OF EDUCATION, Appellee, et al.**

[Cite as *Williams v. Columbus Bd. of Edn.* (1992), 82 Ohio App.3d 18.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–141.

Decided Aug. 20, 1992.

*Espy & Benton* and *Frederick D. Benton, Jr.,* for appellants.

*Crabbe, Brown, Jones, Potts & Schmidt* and *Theodore D. Sawyer,* for appellee Columbus Board of Education.

WHITESIDE, Judge.

Plaintiffs, Jennifer Williams and her mother, Shirley Williams, appeal the judgment of the Franklin County Court of Common Pleas granting summary judgment for defendant Columbus Board of Education. Plaintiffs raise the following assignment of error:

"The trial judge's [*sic*] erred to the prejudice of the plaintiffs-appellants in granting defendant-appellee's motion for summary judgment finding that the Columbus Board of Education was immune from liability under the doctrine of sovereign immunity."

Plaintiff Jennifer Williams was a student at Linmore Alternative Middle School on February 27, 1989, when she was permitted to remain after school to work on a science project. In order to attend a parent-teacher conference, the teacher who was supervising Jennifer left her alone in the classroom to work on her project.

Meanwhile, three male students at the school were released from after-school detention. The three male students, although not formally escorted out of the building, were seen in the halls, were advised to leave the premises, and were seen walking toward the exit doors.

These three male students encountered plaintiff in the classroom in which she was working and assaulted her, physically and sexually. Plaintiff reported the rapes to the school and, along with her mother, filed a civil claim for damages against the rapists, their parents and guardians, and defendant Columbus Board of Education.

By their complaint, plaintiffs alleged that defendant "failed to provide * * * [plaintiff Jennifer Williams] with adequate care, supervision, or protection"; that defendant "failed to properly control, discipline and supervise" the three male students who allegedly attacked plaintiff Jennifer Williams; that defendant's acts or omissions were committed in "a negligent, wanton or reckless manner"; and that as a direct and proximate result, plaintiffs sustained damages.

Defendant filed a motion for summary judgment claiming that, under the doctrine of sovereign immunity, it was not liable for plaintiffs' damages. Defendant attached to its motion the deposition of plaintiff Jennifer Williams. Plaintiffs filed a memorandum in opposition to the motion and attached transcripts of the juvenile court proceedings, school records of disciplinary actions with respect to the three rapists, cumulative data for all student discipline at the school for the academic years 1987–1988 and 1988–1989, and defendant's responses to plaintiffs' request for admissions.

The trial court granted summary judgment based on sovereign immunity, which is governed by R.C. Chapter 2744. The trial court found there to be no genuine issues of material fact remaining to be litigated and that, in construing the evidence most strongly in favor of plaintiffs, defendant was entitled to judgment as a matter of law. Judgment for defendant was entered on January 2, 1992, dismissing plaintiffs' claim against defendant with prejudice. Plaintiffs filed this timely appeal on February 3, 1992.

By their single assignment of error, plaintiffs contend that the trial court erred in granting summary judgment because genuine issues of material fact remain to be litigated, and defendant is not entitled to judgment as a matter of law. Civ.R. 56(C) provides that summary judgment shall be granted if

" * * * the pleading[s] * * * depositions * * * [and] written admissions * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * " If, upon construing the evidence most strongly in favor of the nonmoving party, reasonable minds could reach but one conclusion which is adverse to the nonmoving party, summary judgment is appropriate. See *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615; and *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.

Furthermore, Civ.R. 56(E) requires the nonmoving party to respond to a properly supported summary judgment motion with specific facts showing a genuine issue for trial:

" * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, *if appropriate*, shall be entered against him." (Emphasis added.)

This provision does not shift the burden to the nonmoving party, and the evidence must still be construed most strongly in favor of that party. Lack of response by the nonmoving party does not, by itself, mandate summary judgment; rather, summary judgment must be deemed appropriate before the motion is granted. See *Toledo's Great Eastern Shoppers City, Inc. v. Abde's Black Angus Steak House No. III, Inc.* (1986), 24 Ohio St.3d 198, 24 OBR 426, 494 N.E.2d 1101; *Morris v. Ohio Cas. Ins. Co.* (1988), 35 Ohio St.3d 45, 517 N.E.2d 904.

In 1985, the state legislature enacted R.C. Chapter 2744, which governs liability of political subdivisions and their employees.[1] R.C. Chapter 2744 provides that, in general, a political subdivision is not liable in a civil action for injury to a person allegedly caused by an act or omission of the political subdivision or its employees in connection with a governmental or proprietary function. R.C. 2744.02(A)(1). Five special circumstances by which a political subdivision or its employees may be liable in a civil action are delineated in R.C. 2744.02(B). Upon establishing liability under one of these five exceptions to the general rule of immunity, a political subdivision may still avoid liability by availing itself of a defense contained in R.C. 2744.03.

Here, it is not disputed that defendant is a "political subdivision" within the meaning of R.C. Chapter 2744, so that it applies to determine liability.

---

1. The history of sovereign immunity for political subdivisions was generally discussed in this court's opinion in *Blankenship v. Enright* (1990), 67 Ohio App.3d 303, 586 N.E.2d 1176.

Plaintiffs argue that either the exception of R.C. 2744.02(B)(2) or the exception of R.C. 2744.02(B)(4) applies to impose liability on defendant. R.C. 2744.-02(B)(2) provides in pertinent part:

"Political subdivisions are liable for injury * * * to persons * * * caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions."

R.C. 2744.02(B)(4) similarly provides:

"Political subdivisions are liable for injury * * * to persons * * * caused by negligence of * * * employees * * * [occurring] within or on the grounds of buildings * * * used in connection with the performance of a governmental function. * * * "

Thus, both exceptions impose liability for negligence by employees of the political subdivision. The former requires a proprietary function be involved, while the latter requires the negligence to occur on the grounds or in buildings used in connection with a governmental function.

In this case, the alleged negligence involves the supervision of students at the middle school. Plaintiffs argue that defendant had a duty to protect and to supervise plaintiff Jennifer Williams, and a duty to escort the three male students out of the school building. As a direct and proximate result of defendant's breach of these alleged duties, plaintiffs maintain that they suffered the damages resulting from the rapes.

We have held that necessary supervision of students is a governmental function. *Spotts v. Columbus Pub. Schools* (Apr. 19, 1990), Franklin App. No. 89AP–1003, unreported, 1990 WL 48900. Because supervision of the students herein (although after-school hours) was necessary, the alleged negligence pertained to a governmental function. Thus, R.C. 2744.02(B)(4) applies to determine liability of defendant. Further, the alleged injury clearly occurred in the school building, which is a building "used in connection with the performance of a governmental function" within the meaning of R.C. 2744.02(B)(4).

In any event, regardless of whether the supervision of the students is a governmental or proprietary function, the determinative issue is whether there is a genuine issue of material fact as to negligence by defendant's employees. In other words, in order for plaintiffs to create a question of liability on the part of defendant, a political subdivision, it must be shown that a genuine issue of material fact exists as to the negligence of defendant's employees.

Since the attack and rapes of plaintiff Jennifer Williams by the three male students were not foreseeable under the circumstances, there is no genuine

issue of material fact as to the employees' negligence. The attack and rapes being unforeseeable, defendant did not owe to plaintiff Jennifer Williams the duty of either protecting her from the three male students or of escorting the three out of the building. In opposing defendant's motion for summary judgment, plaintiffs attached the disciplinary records of the three male students as well as the history of disciplinary problems at the middle school. Such records indicate that, despite the three male students' unruly behavior, they had no history of committing criminal assault to the degree or of the nature involved in the rapes of plaintiff Jennifer Williams. During the academic year immediately preceding the rapes, the male students, however, had been reprimanded a total of approximately twelve times for fighting and for general unruliness.

The only circumstance arguably remotely similar to the rapes of plaintiff Jennifer Williams involved one of the three students. That male student was disciplined for straddling the desk of a female student and engaging in conduct offensive to her. The teacher reported of the male student, "He knew he was wrong * * *. I'm sure he intended it to be offensive to her." Although such conduct may well have been extremely offensive, it was not so heinous that the teachers at the middle school should have reasonably anticipated that such student would commit criminal assault or rape if not supervised. From the evidence, there is no reasonable basis to infer that the school employees should have known that there was such a potential for conduct posing such a serious danger to others either by these students or unruly students as to require special, extraordinary student supervision. Therefore, that the three male students would commit criminal assault, much less rape, being unforeseeable, defendant did not have a duty to take action to protect plaintiff Jennifer Williams from such an attack or to escort the three male students out of the building.

■ Second, even if defendant's employees somehow had a duty to supervise further the students involved in this case, the injury to plaintiffs was not a foreseeable result of the employees' failure to supervise. Thus, there also is no genuine issue of material fact as to causation. In other words, there is no reasonable basis to infer that the attack and rapes of plaintiff Jennifer was the proximate result of the employees' failure to supervise the students even when the evidence is construed in her favor. The traumatic injuries suffered by plaintiff Jennifer Williams might not have occurred had the three male students been escorted out of the building or had a supervisor been with plaintiff Jennifer Williams during her after-school work. However, as stated above, the attack and rapes could not have been reasonably anticipated. In order for defendant to be liable for plaintiffs' injuries, the injuries must have

been foreseeable or reasonably anticipated from the alleged negligent act. See *Allison v. Field Local School Dist.* (1988), 51 Ohio App.3d 13, 553 N.E.2d 1383. Other than the disciplinary record of the three male students and the cumulative data for the school, plaintiffs have provided no evidence that defendant could have anticipated a danger either that these male students would commit a criminal assault, much less rape, or that a student working after school would be criminally assaulted or raped.

In sum, construing the evidence most strongly in favor of plaintiffs, there remains no genuine issue of material fact as to negligence. Consequently, defendant is not liable for plaintiffs' injuries and is entitled to judgment as a matter of law, pursuant to R.C. 2744.02(A).

■ Plaintiffs advance a final argument pertaining to R.C. 2744.03(A)(5), which provides the following defense to liability of a political subdivision:

"The political subdivision is immune from liability if the injury * * * to persons * * * resulted from the exercise of judgment or discretion in determining * * * how to use * * * personnel * * * *unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.*" (Emphasis added.)

Plaintiffs maintain, first, that the conduct of defendant did not involve an exercise of discretion or judgment and, second, that even if it did defendant exercised its discretion in a wanton or reckless manner.

This statutory provision is a defense to be asserted by a political subdivision to avoid liability established under one of the five special circumstances contained in R.C. 2744.02(B). Since there exists no genuine issue of material fact as to negligence under R.C. 2744.02(B)(4), so that as a matter of law defendant is immune from liability, the issue of whether the defense set forth in R.C. 2744.03(A)(5) applies to preclude liability of defendant is not determinative. If it were, perhaps there would remain an issue of fact upon that defense. Plaintiffs have not presented evidence other than the allegation in their complaint creating a genuine issue of material fact that defendant exercised its discretion on how to use personnel "in a malicious [manner], in bad faith, or in a wanton or reckless manner."

There being no genuine issue of material fact as to negligence remaining to be litigated, the trial court properly granted summary judgment for defendant. Accordingly, plaintiffs' assignment of error is not well taken.

For the foregoing reasons, plaintiffs' assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BOWMAN and PEGGY BRYANT, JJ., concur.