DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiffs-appellants Courtneah DuBose and her parents appeal a grant of summary judgment in favor of defendants-appellees Akron Public Schools, et al. We reverse.
 I.
On November 2, 1995, Courtneah was injured while playing tug-of-war on the playground at Portage Path Elementary School. Several students had tied jump ropes together in order to play. The students had been warned that they were not permitted to do this, so some of the other students gathered around to hide their activities from the teachers. Courtneah admits that she knew they were breaking the rules. Courtneah wrapped the rope around her hand in order to get a better grip and when the game began she suffered severe rope burns. Courtneah still has scars on her fingers from the injuries.
Courtneah and her parents filed suit against Akron Public Schools and some unknown employees, claiming that her injuries were proximately caused by the negligent supervision of the teachers who were supervising the playground at the time of the injury. After discovery, defendants moved for summary judgment. The trial court granted the motion, concluding:
 There is no evidence that the students had disobeyed the rule stated over the intercom not to play tug-of-war until this incident. There is no evidence that the teachers were deliberately ignoring or negligently supervising the students. There is also no evidence that during the minute or less that these students were playing tug-of-war the teachers became aware of what the students were doing and chose to ignore it. Based on the above, the Court finds that this incident and the resulting injury were not reasonably foreseeable and, as a matter of law, Defendants cannot be held liable.
 II.
"In reviewing a trial court's entry of summary judgment, an appellate court applies the same standard used by the trial court." McConville v. Jackson Comfort Sys., Inc. (1994),95 Ohio App.3d 297, 301. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Based on the pleadings, evidence, and stipulations offered, when viewed in a light most favorable to the non-moving party, reasonable minds must only be able to reach a conclusion that is adverse to the non-moving party. Id. It is the moving party's initial burden to identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 292. Once this initial burden is met, the non-moving party may not rest on its pleadings, but must set forth specific facts showing a genuine issue of material fact. Id. at 293; Civ.R. 56(E).
In Redd v. Springfield Twp. School Dist. (1993), 91 Ohio App.3d 88, this court set forth the standard of liability for school officials:
 We have stated that there is no general duty upon school officials to watch over each child at all times. Miller v. Howard (July 18, 1990), Lorain App. No. 89CA004730, unreported, at 4, 1990 WL 102448; Nottingham v. Akron Bd. of Edn.
(1992), 81 Ohio App.3d 319, 321, 610 N.E.2d 1096, 1097. See, also, Allison v. Field Local School Dist. (1988), 51 Ohio App.3d 13, 14, 553 N.E.2d 1383, 1384. Therefore, unless school personnel assume a more specific obligation, they are bound only under the common-law duty to exercise that care necessary to avoid reasonably foreseeable injuries.
Id. at 91-92.
In Redd we found that it was not reasonably foreseeable that the plaintiff would slip and fall in water that had been spilled near a drinking fountain. Miller, Nottingham, and Allison all similarly concluded that injuries suffered at school were not reasonably foreseeable. Miller, Nottingham, and Allison all involved an assault: in Miller a student used a rubber band to shoot a piece of metal into the eye of the plaintiff, inNottingham the plaintiff was attacked by a dog that was brought onto the premises by another student, and in Allison the plaintiff was hit in the eye by a dirt clod thrown by another student.
We find the conduct at issue herein to be easily distinguishable from the assaults involved in Miller, Nottingham, and Allison. While school officials cannot normally be expected to anticipate an assault, it is considerably more reasonable to expect school officials to foresee the misuse of playground equipment.
Redd is also distinguishable from the case at hand. In Redd, there was no evidence that the school should have been aware of the spilled water — the water was not visible to the plaintiff and had not been there very long. However, in this case, Courtneah claims, and defendants do not deny, that the school specifically announced that the children were not to use the jump ropes in this manner. From this announcement it can reasonably be inferred that defendants had actually foreseen the possibility of injury resulting from this type of activity. Thus, when viewed in a light most favorable to plaintiffs, there is sufficient evidence for reasonable minds to conclude that Courtneah's injuries were foreseeable.
Defendants argue that even if the injuries were foreseeable, there is no evidence that the teachers were negligent in their supervision of the children. Defendants argue that, although Courtneah testified that the teachers were huddled together talking amongst themselves and were not paying attention to the children prior to the tug-of-war game, Courtneah did not see where the teachers were or what they were doing during the game. However, Courtneah testified in her deposition that:
 I went over to see what was going on and we started playing tug-of-war and the teachers didn't say nothing to us, because they were standing around talking to each other.
 They wasn't paying attention to us and we started playing and my fingers got wrapped around the arm and I got a rope burn.
Thus, when viewed in a light most favorable to plaintiffs, reasonable minds could conclude that the teachers were ignoring the students. This is sufficient to create an issue of fact as to whether the teachers negligently supervised the children.
Defendants also argue that Courtneah was contributorily negligent. Defendants note that Courtneah admitted that she knew they were not permitted to play tug-of-war and she wrapped the rope around her hand. However, Courtneah was only ten years old when this occurred, so she was only required to exercise, "that degree of care which children of the same age, education and experience, of ordinary care and prudence, are accustomed to exercise under similar circumstances." The Cleveland, Cincinnati,Chicago St. Louis Ry. Co. v. Grambo (1921), 103 Ohio St. 471, paragraph one of the syllabus. We are not prepared to specify the degree of care that a child such as Courtneah should be expected to exercise. Courtneah's contributory negligence is an issue that is best left in the hands of the trier of fact.
Finally, defendants argue that they are immune from suit based on R.C. 2744.03(A)(3) and (5):
 (3) The political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee.
* * *
 (5) The political subdivision is immune from liability if the injury, death, or loss to persons or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.
Defendants allege that it was within the teachers' immunized discretion to determine how they would supervise the playground activities. We disagree.
McVey v. Cincinnati (1995), 109 Ohio App.3d 159, described the type of discretion that is immunized by R.C. Chapter 2744:
 Immunity attaches only to the broad type of discretion involving public policy made with "the creative exercise of political judgment." * * * Immunity does not apply to the negligence of employees in "the details of carrying out the activity even though there is discretion in making choices."
Id. at 163, quoting Bolding v. Dublin Local School Dist. (June 15, 1995), Franklin App. No. 94APE09-1307, unreported. McVey involved an accident on an escalator in Riverfront Stadium in Cincinnati. As the fans were leaving the stadium after a baseball game, the crowd at the bottom of an escalator was so congested that the people on the escalator could not exit at the bottom. Eventually, plaintiff was knocked backwards by the gathering crowd and hit her head on the escalator steps. The plaintiff sued the city for failing to place crowd control personnel near the escalators in order to control the flow of people. The McVey court appliedBolding and refused to immunize the city for the stadium manager's decision:
 Without question, the city made a decision, at some unspecified time, to install escalators in its stadium parking facility. That decision itself may have involved discretion. The operation of the escalators is a different issue, however, and the discretion involved in "making choices" hardly rises to the "creative exercise of political judgment."
McVey, supra.
Bolding involved a middle school field trip known as "ravine days," where a student fell twenty-seven feet from a rock ledge. The plaintiff alleged that the teachers who were supervising the field trip were negligent in that the ravine was steep and dangerous, the teachers had no outdoor training or expertise, and there were only six adults to supervise one hundred and twenty children. Although the accident in Bolding occurred prior to the adoption of R.C. Chapter 2744, the Bolding court interpreted the statute as merely codifying the common law and proceeded to analyze the immunity argument pursuant to the statutory language. The Bolding court rejected the claim of immunity, concluding:
 Sovereign immunity, at common law after Carbone [v. Overfield (1983), 6 Ohio St.3d 212] and under R.C. 2744.03(A)(5), protects only those charged with weighing alternatives and making choices with respect to public policy and planning characterized by a high degree of discretion and judgment. It does not protect a board of education from the negligent conduct of its employees in the details of carrying out the activity even though there is discretion in making choices. This is not the type of discretion for which there is immunity as it does not involve public policy endangering the creative exercise of political judgment.
In Hallett v. Stow Bd. of Edn. (1993), 89 Ohio App.3d 309, this court adopted a similar narrow interpretation of discretionary immunity. In Hallett, the plaintiff was injured when she stepped into a hole at a high school football stadium. We analyzed R.C. Chapter 2744 and concluded:
 The one thing that is clear is that the exceptions to liability found in R.C. 2744.03 must be read more narrowly than the exceptions to nonliability found in R.C. 2744.02(B) in order for the structure chosen by the legislature to make sense.
Id. at 313. We rejected the claim of immunity, stating:
 [T]here was evidence before the trial court from which it could be concluded that [the plaintiff] was injured because an employee or employees of defendants' maintenance department did not properly carry out the duties that had been assigned to them. This case does not involve a situation in which a plaintiff has alleged negligence in a decision about "how many firetrucks respond to an alarm, how many officers with how much training are assigned to a neighborhood, [or the] snowplowing equipment and personnel on the job during a snowstorm * * *." * * * [N]either R.C. 2744.03(A)(3), with its emphasis on "discretion," nor R.C. 2744.03(A)(5), with its emphasis on "judgment or discretion," relieves a political subdivision of the type of negligence alleged in this case.
Id., quoting Vallish v. Copley Bd. of Edn. (Feb. 3, 1993), Summit App. No. 15664, unreported (Cook, J., dissenting).
Applying the narrow interpretation of discretionary immunity set forth in Hallet and Bolding, we conclude that the negligence alleged herein — negligent supervision of children on a playground — does not involve the type of decision making with respect to public policy and planning that is characterized by a high degree of discretion and judgment. Therefore, the defendants are not immune pursuant to R.C. 2744.03(A)(3) or (5).
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellees.
 Exceptions. _______________________________ WILLIAM R. BAIRD
FOR THE COURT
BAIRD, J.
DICKINSON, J. CONCUR.