OPINION
Appellants Clifford, Cynthia, and Christopher Hider appeal a summary judgment of the Ashland County Common Pleas Court dismissing their negligence action against appellees Loudonville-Perrysville Exempted Village Schools Board of Education (School District), Tom Lavinder (Lavinder), Clayton Shoudt (Shoudt), and Judy Pollard (Pollard):
ASSIGNMENTS OF ERRORS:
 I. THE COURT OF COMMON PLEAS ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT-APPELLEE, LOUDONVILLE-PERRYSVILLE EXEMPTED VILLAGE SCHOOLS BOARD OF EDUCATION.
 II. THE COURT OF COMMON PLEAS ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT-APPELLEE, JUDY POLLARD.
 III. THE COURT OF COMMON PLEAS ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS-APPELLEES, CLAYTON SHOUDT AND TOM LAVINDER.
Appellee Judy Pollard began working for appellee School District as a substitute bus driver in 1989. In 1990, she became employed as a full-time bus driver by the School District. She took over the bus route for Bus No. 5, previously driven by appellant Hider. Prior to driving the bus, she completed her training and obtained her CDL license. On an annual basis, appellee Pollard participated in an in-service training provided by appellee Shoudt, the school's transportation supervisor. The school has a progressive discipline policy which applies to bus drivers. Shoudt had never written up a driver for the conduct of a student, but has warned drivers concerning maintaining discipline on the buses. A bus driver's initial response to a problem on the school bus with a student is to verbally address the issue. The driver may also issue a "write-up", normally prepared upon completion of the route. Copies of the write-up are delivered to the driver's supervisor, to the building principal, and to the student's parents. Appellee issued an average of one write-up a week. At the time Pollard took over Clifford Hider's bus route, he discussed a problem with the Dawson boys. He told her that they should not sit close together, because they will cause problems. He warned her that they would yell, stand up, and put their hands out of the windows, which distracted him from driving. By 1995, all but one of the Dawson boys had graduated, and Casey Dawson was the only one still riding Bus No. 5. Appellant Christopher Hider also rode Bus No. 5. Several times, Clifford Hider wrote to Shoudt concerning incidents occurring on the bus. Generally, appellants were concerned with a lack of discipline and control on the bus. Although the letters refer to problems caused by a student named Randy Stroh, neither letter mentions Casey Dawson as a problem. The Hiders were the only parents whose children rode the bus to complain about Pollard's discipline on the bus. On November 15, 1995, Christopher Hider boarded the bus at the Middle School. He was assigned to sit in Seat No. 15. However, he sat in the wrong seat. During the loading of students on the bus, Casey Dawson sat on the lap of another male student and put his arm around him. Christopher Hider then asked Casey Dawson, "What are you — gay or something?" Casey Dawson then struck Chris Hider. Chris Hider suffered a serious closed head injury as a result of the assault. Appellants sued the School District, Pollard, Shoudt, and Lavinder, who was Superintendent of schools at the time. They also sued Casey Dawson and his parents. Following motions for summary judgment, the court dismissed the claims against all of the school-related defendants. The court found no just cause for delay. The action is still pending against the Dawsons.
 I.
Summary judgment is appropriate where there is no dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In order to establish negligence, the plaintiff must prove the existence of a duty, a breach of a duty, and an injury proximately resulting therefrom. Federal Steel and Wire Corp. vs. Ruhlin Construction Company (1989), 45 Ohio St.3d 171. Whether a duty exists is a question of law. Mussivand vs. David (1989), 45 Ohio St.3d 314. The existence of a duty depends upon the foreseeability of the injury, which in turn, depends upon whether a reasonably prudent person would have anticipated an injury from their actions or their failure to act. Federal Steel and Wire, 45 Ohio St.3d at 174. There is no common law duty to anticipate or foresee criminal activity. Id. It is well established in Ohio law that there is no general duty upon school officials to watch over each child at all times. Allison vs. Field Local School District (1988), 51 Ohio App.3d 13, 14; Knottingham vs. Akron Board of Education (1992), 81 Ohio App.3d 319,322. Unless a more specific obligation is assumed, school personnel are bound only under the common law duty to exercise care necessary to avoid reasonably foreseeable injuries. Id. In the instant case, the court found that the assault was unforeseeable, and therefore, the school and the school officials had no duty to protect Chris Hider from the assault. Appellant argues that due to the lack of control on the bus, an assault was reasonably foreseeable. The law in Ohio is well settled that student-on-student assaults are generally unforeseeable. E.g., Dubose vs. Akron Public Schools (April 29, 1998), Summit App. No. 18707, unreported; McElroy vs. Painesville City School District (October 10, 1986), Lake App. No. 11-086, unreported; Seither vs. Maple Heights Board of Education (January 27, 1994), Cuyahoga App. No. 65798, unreported; Downing vs. Columbus Board of Education (February 13, 1992), Franklin App. No. 91AP-981, unreported. In Williams vs. Columbus Board of Education (1992), 82 Ohio App.3d 18, the plaintiff was attacked and raped by three male students. In response to the school's motion for summary judgment, the plaintiff attached the disciplinary records of the three male students, as well as the history of disciplinary problems at the school. The academic records indicated that in the year immediately preceding the rape, the male students had been reprimanded a total of twelve times for fighting and general unruliness. The court concluded that in spite of the evidence of disciplinary problems at the school in general and with these students specifically, there was no reasonable basis to infer that the school employees should have known there was a potential for conduct posing a serious danger to others either by these particular students or students at the school in general. Id. at 23. The court concluded that because it was unforeseeable that these students would commit criminal assault and rape, the school did not have a duty to take action to protect the plaintiff from such an attack, or to escort the three students from the building. Id. In the instant case, there was evidence presented that the Dawson boys had been a problem on the bus in the past. In addition, there was evidence of a general state of unruliness on the bus. However, there is no evidence in the record to demonstrate that an attack of the nature in question was foreseeable. Although Pollard had been warned about the Dawson boys, she had been warned that their behavior problems would include standing up, yelling, and waving their arms out the window, which could distract her while attempted to drive. In fact, all the evidence of potential problems on the bus raised a concern of distracting the driver from safely operating the bus. The court did not err in concluding that the School District did not owe a duty to appellants in the instant case, as the assault was not foreseeable. Appellants also argue that Pollard was negligent for failing to act immediately after the injury to appellant. Assuming arguendo that Pollard was aware, or should have been aware, of the seriousness of the injury at the time it occurred, there is nothing in the record to show that any time delay by her in seeking medical assistance for the boy was the proximate cause of any damage to him. The record reflects that upon being informed by a student that Chris was injured, after the bus broke down, she radioed Shoudt and informed him of Hider's injury, and appellant Clifford was dispatched to the scene to pick up his son. Finally, appellants argue that the court erred in finding appellees immune from suit. As we have found the court's ruling correct on the issue of duty, we need not address the issue of immunity. The first Assignment of Error is overruled.
 II. III.
Appellants reiterate their arguments concerning foreseeability of the injury as to appellees Pollard, Shoudt, and Lavinder. For the reasons stated in Assignment of Error I. above, the injury was not foreseeable, and appellees owed appellants no duty to prevent the assault as a matter of law. The second and third Assignments of Error are overruled.
The judgment of the Ashland County Common Pleas Court is affirmed.
By: Reader, V.J. Wise, P.J. and Edwards, J. concur.