OPINION
Defendant-appellant, Middletown/Monroe City School District Board of Education ("Board"), appeals the decision of the Butler County Court of Common Pleas denying its motion to dismiss the personal injury complaint filed by Linda O. Day, individually and as next friend and natural guardian of her daughter, Nicole Lynn Day.
Nicole was a sixteen-year-old student at Garfield School, located in the Middletown/Monroe School District ("District") and operated by the Board. At the close of the school day March 17, 1997, Nicole was transported home by bus. The school bus dropped her off near 550 North University Boulevard in Middletown, Ohio. Between the bus stop and her home, Nicole had to cross a set of railroad tracks. While crossing these tracks, she was struck by a freight train, causing her to suffer serious injuries. Nicole is presently in a coma.
On February 26, 1999, Linda filed a complaint against the Board, the District, and a John Doe company, described as the bus company which transported children on behalf of the Board and District. Linda filed a second amended complaint on July 8, 1999, naming the original defendants as well as a John Doe employee, described as the bus driver who had dropped off Nicole. On July 21, 1999, the Board and District filed an amended answer and a motion to dismiss on the pleadings pursuant to Civ.R. 12(B)(6),[1] asserting that they were immune from suit pursuant to R.C. 2744.01-03. On August 10, 1999, Linda filed her memorandum in opposition to the motion to dismiss.
On October 12, 1999, the trial court filed its decision granting the motion to dismiss as to the District and denying the motion as to the Board. The trial court found that the District is a territorial area, not a legal entity subject to suit. Presuming that all of the factual allegations in Linda's complaint were true and making all reasonable inferences in her favor, the trial court found that it "must assume that the alleged exceptions to immunity are true as alleged in the Complaint." The Board was precluded from asserting immunity for purposes of the motion to dismiss. The Board appeals, raising a single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE BOARD OF EDUCATION BY OVERRULING ITS CIV.R. 12(B)(6) MOTION TO DISMISS PLAINTIFFS-APPELLEES' SECOND AMENDED COMPLAINT.
 In its assignment of error, the Board contends that the trial court erred by denying its motion to dismiss the complaint. The Board argues that transporting on and dropping off students from a school bus does not subject it to liability pursuant to statute.
In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6), "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery."O'Brien v. Univ. Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242, syllabus. A complaint should not be dismissed merely because the factual allegations contained in the complaint do not support the legal theory on which the plaintiff relies. The court must examine the complaint to determine if the allegations provide for relief on any possible theory. Fahbulleh v. Strahan (1995),73 Ohio St.3d 666, 667. The court must presume that all factual allegations in the complaint are true and construe all inferences that may be reasonably drawn therefrom in favor of the nonmoving party. Bridges v. Natl. Eng. Contracting Co. (1990), 49 Ohio St.3d 108,112.
When reviewing the complaint, it must be remembered that consistent with notice pleading, Civ.R. 8(A)(1) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Leitchman v. WLW Jacor Communications, Inc.
(1994), 92 Ohio App.3d 232, 234. It is easy for the pleader to satisfy the requirements of Civ.R. 8(A), and few complaints are subject to dismissal. Id., citing Slife v. Kundtz Properties,Inc. (1974), 40 Ohio App.2d 179, 182. This is so even where the court doubts that the nonmoving party will prevail at trial. Id.
In the instant case, the Board argues that its motion to dismiss should have been granted because it was immune from suit under the facts alleged in the complaint. Sovereign immunity for political subdivisions is provided for in R.C. Chapter 2744. The Board is a political subdivision subject to the provisions of R.C. Chapter 2744. R.C. 2744.01(C)(2)(c) and (F). As a political subdivision, the Board generally
 is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.
 R.C. 2744.02(A)(1). Specific "governmental" and "proprietary" functions are listed in R.C. 2744.01(C) and (G). Generally, these functions may be distinguished by the fact that governmental functions involve the exercise of a legislative or judicial function or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion.
 Tinkham v. Groveport-Madison Local School Dist. (1991), 77 Ohio App.3d 242, 251, 252, jurisdictional motion overruled (1992), 63 Ohio St.3d 1441, quoting Enghauser Mfg. Co. v. Eriksson Engineering, Ltd. (1983), 6 Ohio St.3d 31, paragraph two of the syllabus. In contrast, proprietary functions concern the "implementation and execution of such governmental policy or planning." Id. at 35.
Exceptions to the general rule of immunity are provided for in R.C. 2744.02(B), which provides:
 Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
 (1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees upon the public roads when the employees are engaged within the scope of their employment and authority. * * *
 (2) Except as otherwise provided in sections 3314.07
and 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.
* * *
 (5) In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when liability is expressly imposed upon the political subdivision by a section of the Revised Code * * *. Liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because of a general authorization in that section that a political subdivision may sue or be sued, or because that section uses the term "shall" in a provision pertaining to a political subdivision.
Even should the actions of a political subdivision or its employee fall within the scope of R.C. 2744.02(B), the political subdivision is granted certain defenses and immunities to liability by R.C. 2744.03(A), including:
 (1) The political subdivision is immune from liability if the employee involved was engaged in the performance of a judicial, quasi-judicial, prosecutorial, legislative, or quasi-legislative function.
 (2) The political subdivision is immune from liability if the conduct of the employee involved, other than negligent conduct, that gave rise to the claim or liability was required by law or authorized by law, or if the conduct of the employee involved that gave rise to the claim of liability was necessary or essential to the exercise of powers of the political subdivision or employee.
 (3) The political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee.
* * *
 (5) The political subdivision is immune from liability if the injury, death, or loss to persons or property resulting from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.
 The decision of the Board regarding the placement and timing of school bus stops is a discretionary function of the Board. The action of the school bus driver in transporting children according to the plan developed by the Board is a proprietary function. Griner v. Minster Bd. of Ed. (1998), 128 Ohio App.3d 425, 433-434, discretionary appeal not allowed, 83 Ohio St.3d 1464; Siders v. Reynoldsburd School Dist. (1994), 99 Ohio App.3d 173, 197.[2]
We first consider whether the Board may be held liable for its decision as to the placement of Nicole's school bus stop. Because this decision was a discretionary one, the Board loses its immunity only if the judgment of its members or the person authorized to act on behalf of the Board pursuant to Ohio Admin. Code 3301-83-13(A) was "exercised with malicious purpose, in bad faith, or in a wanton or reckless manner." R.C. 2744.03(A)(5). The complaint contains no averments that the decision to place Nicole's school bus stop was made with malice, bad faith, wantonness, or recklessness. The Board's immunity is preserved as to this issue.
Linda contends that the action of dropping off Nicole at the school bus stop constituted "negligent operation of any motor vehicle" as included in R.C. 2744.02(B)(1). This issue was extensively addressed in Glover v. Dayton Public Schools (Aug. 13, 1999), Montgomery App. No. 17601, unreported, wherein the Second Appellate District held that R.C. 2744.02(B)(1) was inapplicable where the case was "based on the alleged improper location of the bus stop and the negligence or recklessness of [the school district] and [the bus driver] in continuing to use a dangerous drop-off point." Although "operation of any motor vehicle" may encompass more than simply driving the vehicle, the term primarily concerns the "physical discharge from the bus" of the child. Id. Within this definition is included those situations in which a lift ramp is used to aid children in boarding and leaving the bus, Groves v.Dayton Public Schls. (Mar. 31, 1999), Montgomery App. No. 17391, unreported, or where the school bus remains present and is still unloading other passengers. Glover, citing Nolan v. Bronson
(1990), 185 Mich. App. 163.
Linda makes no allegation in her complaint that the bus was present when Nicole was struck by the freight train. Without such an allegation, there can be no legal basis for asserting that her injuries resulted from the "operation of any motor vehicle." Neither "the planning and implementation of bus routes nor the bus driver's alleged negligence in discharging [Nicole] fit within the [R.C. 2744.02(B)(1)] exception to immunity for operation of any motor vehicle." Glover.
Linda further alleges that the Board is liable pursuant to R.C. 2744.02(B)(5) because the school bus driver violated a duty imposed by R.C. 4511.75. R.C. 4522.75(E) provides:
 No school bus driver shall start the driver's bus until after any child * * * who may have alighted therefrom has reached a place of safety on the child's or person's residence side of the road.
 Violation of R.C. 4511.75(E) is a strict liability criminal offense. Middletown v. Campbell (1990), 69 Ohio App.3d 411, 416-417, appeal dismissed (1991), 58 Ohio St.3d 713. Violation of this section may be used in establishing liability on common law principles of negligence. See Turner v. Central Local School Dist. (1999), 85 Ohio St.3d 95, 101 ("Turner II"). Turner II, though, did not discuss whether R.C. 4511.75(E) expressly imposes liability upon a political subdivision for purposes of R.C. 2744.02(B)(5). We again turn to Glover, which discussed this issue in depth. Relying upon the express language of both R.C. 2744.02(B)(5) and 4511.75(E), that court found that "R.C. 4511.75(E) imposes a duty, but does not provide for civil liability if the duty is violated."
In this respect, the Second Appellate District disagreed with the Third Appellate District, which had held in Turner v. CentralLocal School Dist. (Sept. 5, 1997), Defiance App. No. 4-97-13, unreported ("Turner I"), affirmed in part, reversed in part (1999), 85 Ohio St.3d 95, that R.C. 4511.75(E) did impose liability because the relevant penalty provision, R.C. 4511.99, made a violation of R.C. 4511.75(E) a criminal offense. As noted in Glover, "[c]riminal liability, however, is not the same as civil liability for damages resulting from breach of the duty imposed by the statute." Furthermore, the appellate court inTurner I provided no rationale by which its decision could be reconciled with the plain language of R.C. 2744.02(B)(5). UnlikeTurner I, the decision in Glover is consistent with R.C.2744.02(B)(5). We therefore follow the reasoning of Glover. A violation of R.C. 4511.75(E) does not establish the exception to immunity provided by R.C. 2744.02(B)(5).
However, the above conclusions do not foreclose the possibility that the Board may be liable to Linda and Nicole. R.C. 2744.02(B)(2) provides that a political subdivision may be liable for injury or loss "caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." As noted above, the actual transporting and dropping off of school children is a proprietary function of the Board. Griner, 128 Ohio App.3d at 433-434;Siders, 99 Ohio App.3d at 197. In her complaint, Linda alleges that the Board's employee was negligent in carrying out this proprietary function. If the bus driver's actions were negligent in any manner, the Board may be liable for Nicole's resulting injuries. Hill v. Urbana (1997), 79 Ohio St.3d 130, paragraph one of the syllabus; Hacker v. Cincinnati (1998), 130 Ohio App.3d 764,769.
In her complaint, Linda alleges that the Board was a political subdivision subject to R.C. Chapter 2744, and that it was engaged in the transporting and dropping off of school children as one of its functions. She further alleges that the Board and its employee were negligent in the manner in which Nicole was dropped off beside a set of railroad tracks laying between the bus stop and her home. Although R.C. 4511.75(E) may not be used to establish the R.C. 2744.02(B)(5) exception to immunity, it does impose a duty upon the Board and its employee to safely deliver Nicole. Turner I, 85 Ohio St.3d at 101. A violation of that duty, as alleged by Linda, may be evidence of negligence, Id., and this negligence may be used to establish the exception to immunity.
The Board did not demonstrate that the relevant exceptions to liability provided in R.C. 2744.03(A) are applicable to this exception. The bus driver was involved in a proprietary function, thus R.C. 2744.03(A)(3) and (5) are inapplicable. The bus driver was not involved in a "judicial, quasi-judicial, prosecutorial, legislative, or quasi-legislative function." R.C. 2744.03(A)(1) is not applicable. Transportation of students is not legally required except as to kindergarten through eighth grade. R.C.3327.01. Here, we are concerned with the transportation of students beyond the eighth grade, and R.C. 2744.03(A)(2) would not apply. For purposes of the motion to dismiss, the R.C. 2744.03(A) immunity defenses may not be asserted against any liability imposed by R.C. 2744.02(B)(2).
In light of the facts alleged in the complaint, the trial court correctly found that Linda pled sufficient facts to establish a possible basis for recovery. The Board's motion to dismiss for failure to state a claim was properly denied. The assignment of error is overruled.
Judgment affirmed.
 ____________________ YOUNG, J.
POWELL, P.J., and WALSH, J., concur.
[1] Civ.R. 12(B) provides:
 Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted[.]
[2] In its brief, the Board states "It is the General Assembly's use of the expansive phrase `provision of a system of public education' that has compelled courts to conclude that all activities incidental to the operation of a school district are governmental functions. See Williams v. Columbus Bd. of Edn.
(Franklin 1992), 82 Ohio App.3d 18, 610 N.E.2d 1175
(transportation of students is an activity incidental to the operation of a school district)." This court has found no case so much as implying such a broad principle. In fact, as noted in the text, courts have held the otherwise. Furthermore, Williams does not hold as the Board would have this court think. The transportation of students was not involved in Williams, and that court in no way suggested that all activities incidental to operating a school district are governmental functions.