This is a statutorily authorized interlocutory appeal of the overruling of the motion for summary judgment of the City of Akron ("the City"), a municipality, grounded in governmental immunity claims.
In 1996, during the course of his private employment with SBM, Inc. ("SBM"), Plaintiff was injured on the property of the City's Water Pollution Control Station, when an internal brick wall collapsed upon him. The building in question had been the site of the City's sludge disposal system, and the City was in the process of decommissioning the operation in favor of composting sludge rather than incinerating it. At the same time that SBM was present (having been the successful bidder to remove and salvage an electronic control panel), another private company, Thomas Arthur, d.b.a. Arthur Recycling, was salvaging incinerators. Plaintiff was on the premises as a consequence of direction from SBM to enter the premises and remove the purchased electrical control panel.
Plaintiff and his wife filed this action against the City and others alleging that the City negligently maintained the premises in a dangerous and unsafe condition and failed to provide Plaintiff a safe place to work under the Ohio Frequenter Statute, R.C. 4101.11.
The City moved for summary judgment alleging immunities and defenses pursuant to R.C. Chapter 2744. The Summit County Common Pleas Court overruled the motion, and the City appeals, assigning two errors:
 I. THE TRIAL COURT ERRED IN DENYING THE APPELLANT, CITY OF AKRON'S ("CITY") MOTION FOR SUMMARY JUDGMENT BECAUSE THE CITY IS IMMUNE FROM LIABILITY UNDER R.C. 2744.02(A) AND THE APPELLEES ("MOCARSKI") CANNOT PROVE THE EXCEPTION TO IMMUNITY UNDER R.C. 2744.02(B)(2) THAT THE TRIAL COURT APPLIED HEREIN.
 II. THE TRIAL COURT ERRED IN DENYING THE APPELLANT, CITY OF AKRON'S ("CITY") MOTION FOR SUMMARY JUDGMENT BECAUSE THE IMMUNITIES AND DEFENSES UNDER R.C. 2744.03(A)(3) AND (5) APPLY.
 Interlocutory Appeal
We have independently reviewed the question of whether the judgment in the instant case qualifies for interlocutory appeal pursuant to R.C. 2744.02(C) and 2501.02, and conclude that the unique provisions adopted by the Ohio Legislature authorize this appeal and direct our attention to the merits of the claim.
 Trial Court's Judgment
Although our appellate review of summary judgment is de novo,McGee v. Goodyear Atomic Corp. (1995), 103 Ohio App.3d 236, 241, we have been aided by the trial court's explanatory order of May 27, 1998. That court found that Plaintiff was on the premises as an invitee of the City, for a purpose beneficial to the City, as a consequence of which the City owed him a duty of reasonable or ordinary care in maintaining the premises in a safe condition. As to the question of immunity, that court found that the City was engaged in a proprietary function and that liability could lie pursuant to R.C. 2744.02(B)(2). The court concluded that there are genuine issues of material fact "with respect to whether Defendants were negligent and whether, if so, Defendants' negligence was the proximate cause of Plaintiff's injury." The court found that the defenses set forth in R.C. 2744.03(A)(3) and (5) were not applicable.
 I.
Impact of R.C. 2744.02, the Political Subdivision Tort LiabilityAct
Consistent with the ancient principle that "the king cannot be sued without his consent," the legislature has consistently provided that the state, and its subdivisions, are immune from civil liability for injury or death to person or property caused by either commission or omission of such entity or its employees. R.C. 2744.02. Thus:
 Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.
R.C. 2744.02(A)(1).
 Exceptions to Immunity
But in its next "breath" the legislature creates exceptions to the global concept of governmental immunity in virtually the same language. As potentially relevant here:
 Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
 (1) [here are catalogued activities which are identified as exceptions to the broad reach of this provision, none of which are applicable here, i.e., they become exceptions to the exception from the general rule of immunity]
 (2) Except as otherwise provided in sections 3314.07
and 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.
 Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair, and other negligent failure to remove obstructions from public roads, except that it is a full defense to that liability, when a bridge within a municipal corporation is involved, that the municipal corporation is involved, that the municipal corporation does not have the responsibility for maintaining or inspecting the bridge.
 (4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01
of the Revised Code.
 (5) In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02 and 5591.37
of the Revised Code. Liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because of a general authorization in that section that a political subdivision may sue or be sued, or because that section uses the word "shall" in a provision pertaining to a political subdivision.
R.C. 2744.02(B).
Thus, on the issue of governmental immunity it is curious, but clear, that "the king giveth, then taketh away, then giveth some back again." The question here is whether, upon the evidence being considered most favorably to the nonmoving Plaintiff, immunity has been "given," "taken away," or "given back" again.
 R.C. 2744.02(B)(2)
The City argues, first, that the trial court erred in finding the potential for liability in R.C. 2744.02(B)(2). It argues that by excluding "omission" from the immunity granted as to proprietary functions, the legislature only intended to except "performance of acts" from immunity.
Since Plaintiff's claims are premised upon a "failure to warn of a premises defect," the existence of a defect is not an "act" as contemplated by the legislature. This argument was vitiated by the Ohio Supreme Court in Hill v. Urbana (1997), 79 Ohio St.3d 130, paragraph one of the syllabus:
 Pursuant to R.C. 2744.02(B)(2), a political subdivision is liable in damages in a civil action for injury, death, or loss to persons or property caused by an act or omission of the political subdivision or any of its employees in connection with the performance of a proprietary function. (Emphasis added.)
Thus, the reach of paragraph (B)(2) has been extended by judicial fiat, even though this question was not integral to the case before the court.
The City also argues that the specific provisions of R.C.2744.02(B)(3) and (4) dealing with liability premised upon property defects prevail over the general language of R.C.2744.02(B)(2).
The City further claims that the exceptions to immunity set forth in R.C. 2744.02(B) only apply to proprietary functions and not governmental functions, and that the activities in the instant case were clearly governmental as defined in R.C.2744.01(C)(2)(k). It takes issue with the trial court's analysis to the effect that the facility was not in operation and the conduct at the time was a dismantling and disposal of the building. It argues a proper interpretation of the evidence would lead to a conclusion that the activity was a renovation of a building used in the performance of a governmental function (i.e., solid waste management disposal), per R.C. 2744.01(C)(2)(g) and thus a governmental function.
Appellees counter that the activity was a proprietary function. They point to R.C. 2744.01(G)(1) which holds generally that a proprietary function "promotes or preserves the public peace, health, safety, or welfare and that involves activities that are customarily engaged in by nongovernmental persons." R.C.2744.01(G)(1)(b). By contrast, a governmental function is one that (1) is imposed as an obligation of sovereignty; (2) is for the common good of all citizens; and (3) "promotes or preserves the public peace, health, safety, or welfare [and] that involves activities that are not engaged in or not customarily engaged in by nongovernmental persons[.]" R.C. 2744.01(C)(1).
In many instances, the "proprietary/governmental" conundrum vexes any attempt to understand and put in perspective legislative intent. In this case, as in many others, the convolutions of the statute burden all parties with alternative arguments, i.e., "If not this, then this, and if not that, then this."
So, the City argues that even if it was performing a proprietary function at the time of the accident, and negligence liability is superimposed, Plaintiff was on the premises as a mere licensee, not a business invitee, insofar as the City is concerned, and thus the duty was merely to refrain from wanton or willful misconduct. Provencher v. Ohio Dept. of Transp. (1990),49 Ohio St.3d 265, 266. Upon that legal foundation Appellees have failed to demonstrate any evidence of breach of duty, there being a total want of any evidence of notice of defective condition or hazard to the City.
Upon an examination of all of the supplications triggered by Civ.R. 56, we conclude that at the time in question the City was not involved in a governmental function; but rather, its ownership of the building being demolished was proprietary, as a matter of law.
We further find that R.C. 2744.02(B)(2) reaches passive as well as active, omission as well as commission, negligence and there is a jury question as to whether the City breached a duty owing to the Plaintiff. Hill v. Urbana, supra.
We also agree with the trial court that Plaintiff enjoyed the relationship of invitee and not licensee at the time and place in question. He was there as an employee of a company that had a mutually beneficial contract with the City. In fulfilling its part of the contract SBM directed Plaintiff to be on the premises, a fact that benefited both SBM and the City. There were mutual economic benefits in the relationship, and the duty owed by the City to Plaintiff is as a business invitee. "Business invitees are persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." Light v. Ohio Univ. (1986), 28 Ohio St.3d 66, 68.
The trial court did not err in overruling the City's claim of governmental immunity, per R.C. 2744.02(B)(2). Because of our ruling on subsection (B)(2), we do not reach the question of whether R.C. 2744.02(B)(4) also triggers potential liability.
 THE FIRST ASSIGNMENT OF ERROR IS OVERRULED. II. R.C. 2744.03(A)(3) and (5), Defenses and Immunities
The rhetorical convolution of issues of governmental immunity is further exacerbated by the provisions of the next section of the Revised Code, R.C. 2744.03, Defenses and immunities.
 (A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:
* * *
 (3) The political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee.
* * *
 (5) The political subdivision is immune from liability if the injury, death, or loss to persons or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources, unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.
R.C. 2744.03.
The argument of the City is that it exercised discretion in delegating to contract third-parties issues of procedure for the removal of the auctioned items from the building, and is thus protected by R.C. 2744.03. The argument misses the mark: it is not that discretion that is being properly asserted or challenged. It is the failure of the City to warn of a dangerous condition on its premises that it knew would be frequented by invitees. That is a discretion that it could not contract away; it may collaborate but cannot avoid. Hallett v. Stow Bd. of Edn. (1993),89 Ohio App.3d 309, 314.
We conclude that issues concerning the maintenance of City property are to be distinguished from decisions concerning what to do with it, or how to manage it, and do not involve significant questions of budgeting, planning, or management so as to bring it within the pale of R.C. 2744.03(A)(3) or (5). Hall v. Ft. FryeLoc. School Dist. Bd. of Edn. (1996), 111 Ohio App.3d 690, 700.
It is little wonder that these statutory provisions have spawned countless lawsuits, each of which strains to find immunity or liability upon facts that are often little different. It begins to appear that each case is necessarily reviewed on its own merits, and the justice or injustice of immunity application is tested against the language of the statute and the posture of the relevant summary judgment evidence. Outcome based rationale appears to overcome articulated law and policy.
We conclude that the immunity provisions do not apply and that the trial court did not err in concluding that questions of duty and proximate cause are genuinely disputed and appropriately submitted to a jury.
Finally, the parties also argue issues of sufficiency of evidence to support allegations of defect and notice of defect. Inasmuch as these are not immunity-driven questions, specially subject to interlocutory appeal, we make no ruling relative thereto.
THE SECOND ASSIGNMENT OF ERROR IS OVERRULED.
THE JUDGMENT OF THE SUMMIT COUNTY COMMON PLEAS COURT IS AFFIRMED, AND THE CAUSE IS REMANDED FOR FURTHER PROCEEDINGS ACCORDING TO LAW.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Summit County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
Exceptions.
 ___________________________ JOHN R. MILLIGAN
FOR THE COURT
BAIRD, P. J.
 CONCURS