SPAID et al., Appellants,

v.

BUCYRUS CITY SCHOOLS, Appellee.

[Cite as *Spaid v. Bucyrus City Schools* (2001), 144 Ohio App.3d 360.]

Court of Appeals of Ohio,
Third District, Crawford County.

No. 3–01–06.

Decided June 27, 2001.

*Shane M. Leuthold,* for appellants.

*Fred M. Oxley,* for appellee.

HADLEY, Judge.

The defendant-appellant Adrienne Spaid, a minor, appeals a grant of summary judgment in favor of the defendant-appellee Bucyrus City Schools. For the following reasons, we reverse the judgment of the trial court. The facts and procedural history of the case follow.

This case arises out of an injury Adrienne received on May 17, 1999, while working as a student volunteer during an event known as Carlisle Track and Field Day. Carlisle Track and Field Day is an annual event in which fifth grade students from Carlisle Elementary School participate in track and field events. The track and field events take place at the Bucyrus High School athletic complex. Approximately two hundred eighty elementary students participate in Carlisle Track and Field Day each year. Each year, approximately fifteen to twenty adults are assigned to oversee the track and field activities. Student volunteers from the Bucyrus High School Student Council also help oversee the elementary school students and help supervise the events.

Adrienne, a student council volunteer, and three other student council members were asked to oversee and supervise the discus event. In the discus event, the participant throws a metal discus the furthest distance possible. The participant throws the discus from the discus pit. Adrienne was responsible for recording the distance of each discus throw. There was no adult supervision at this event. The elementary students were instructed to stand behind a chain link fence while the event was taking place. The chain link fence was located on each side and to the rear of the discus pit. Adrienne positioned herself in an open, unsecured area adjacent to the pit.

Adam Stone, a ninth grader and a high school varsity discus thrower, showed the elementary students how to throw the discus using the full "spin and throw" method, as opposed to the less difficult "stand and throw" method. At that time, an unidentified elementary student entered the pit area and threw the discus. While recording the distance of the throw, Adrienne heard someone shout "watch out." Adrienne looked up and was struck in the mouth with the metal discus. The discus struck Adrienne in the area between her chin and lower lip. Adrienne suffered injuries to her lower lip, lower three front teeth, and lower gums.

In December 1999, the appellant filed a complaint against the appellee, Bucyrus City Schools, in the Crawford County Court of Common Pleas. In her complaint, the appellant alleged that the appellee had negligently supervised the outing and otherwise negligently planned and permitted the incident to occur. On January 14, 2000, the appellee filed an answer to the appellant's complaint. On December 15, 2000, the appellee filed a motion for summary judgment on the ground that it was immune from tort liability pursuant to the provisions of R.C.

Chapter 2744. By judgment entry of February 2, 2001, the trial court granted the appellee's motion for summary judgment after finding that the appellee was entitled to such immunity. The appellant now appeals, asserting the following two assignments of error.

Assignment of Error No. I

"The trial court erred by granting defendant/appellee's motion for summary judgment on grounds that the decision made by the teachers in charge of the field day, including not having adult supervision, are within their policy-making or planning powers by virtue of the duties and responsibilities of their specific positions as employees under O.R.C. 2744.03(A)."

Assignment of Error No. II

"The trial court erred by finding that plaintiff/appellant was required to plead that the conduct of the defendant was wanton and reckless."

Appellate courts review summary judgment determinations de novo and do not grant deference to the trial court's determination. *Schuch v. Rogers* (1996), 113 Ohio App.3d 718, 720, 681 N.E.2d 1388, 1389–1390. Accordingly, we apply the same standard for summary judgment as does the trial court. *Midwest Specialties, Inc. v. Firestone Tire & Rubber Co.* (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411, 413–414.

"[Summary judgment is proper] when, looking at the evidence as a whole, (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party." *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 686–687, 653 N.E.2d 1196, 1202, citing Civ.R 56(C).

In *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274, the Ohio Supreme Court held that parties seeking summary judgment must "specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." If the moving party satisfies that burden, the party opposing summary judgment must "set forth specific facts showing that there is a genuine issue for trial," and summary judgment is proper if the party opposing judgment fails to set forth such facts. *Id.*, citing Civ.R. 56(E).

We will initially address the arguments raised in the appellant's first assignment of error. In her first assignment of error, the appellant contends that the trial court erred in granting summary judgment by finding that the appellee was entitled to political subdivision immunity under R.C. 2744.03(A)(3).

R.C. 2744.02(A) provides, as a general rule, that political subdivisions are not liable in damages for, among other things, injuries to persons. R.C. 2744.02(B), however, creates a number of exceptions to that general rule of nonliability. Among the exceptions to nonliability is R.C. 2744.02(B)(4). That section provides that political subdivisions are not immune from liability to persons injured "by the negligence of their employees * * * that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function.* * *" R.C. 2744.01(F) defines a "political subdivision" as a "municipal corporation, township, county, *school district,* or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state." (Emphasis added.) The appellee, Bucyrus City Schools, is a political subdivision under this provision. Under R.C. 2744.01(C)(2)(c), "[t]he provision of a system of public education" is a governmental function. Therefore, inasmuch as the athletic field upon which Adrienne was injured is located on the grounds of the Bucyrus High School, R.C. 2744.02(B)(4) removes this case from the general rule of nonliability.

We note, however, that the exceptions to nonliability are themselves subject to further exceptions listed in R.C. 2744.03. That section lists a number of "defenses or immunities" to the liability permitted by R.C. 2744.02(B)(4). The appellee loses the protection of these defenses or immunity provisions only if the appellant can demonstrate that the school district or school board acted with malicious purpose, in bad faith, or in a wanton or reckless manner. See R.C. 2744.03(A)(6)(b).

Among the defenses or immunities listed in R.C. 2744.03 is R.C. 2744.03(A)(3), which the trial court found applicable to the case herein. R.C. 2744.03(A)(3) provides:

"The political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the *discretion* of the employee with respect to *policy-making, planning, or enforcement powers* by virtue of the duties and responsibilities of the office or position of the employee." (Emphasis added.)

Based upon the foregoing provision, the trial court concluded that the appellee was free from liability for the appellant's claims. In particular, the trial court held as follows:

"The Court finds that the decisions made by the teachers in charge of the Field Day are within their policy-making or planning powers by virtue of the duties and responsibilities of their specific positions as employees. ORC 2744.03(A)(3).

"The Court finds that it is significant that no employee was named in the suit by the Plaintiff as it is the 'action or failure to act' by an employee which leads to

a claim of liability of the political subdivision. The Court also notes that there is no claim of wanton or reckless conduct of any employee in the Plaintiff's Complaint.

"The Field Day was part of the physical education curriculum of the Bucyrus City Schools as implemented by the teacher, Karla Schiefer, within her policy-making powers as a teacher. Track and field activities are physical education skills and activities. The Plaintiff was a volunteer who just happened to unfortunately be struck by a discuss thrown by a novice thrower. The fact that the teacher was not at the discus station is also unfortunate; however, her absence was not a wanton or reckless act. Further this was not alleged in the Complaint. Her actions were within the scope of employment and there is no allegation of malicious purpose or bad faith. The use of parent and student volunteers for Field Day was within the discretion of the teachers."

Since the immunity statutes generally provide that " 'you're not liable,' then say 'you are liable' and finally say 'you're not,' " it is clear that the exceptions to liability in R.C. 2744.03 must be read more narrowly than the exceptions to nonliability in R.C. 2744.02(B) in order for the legislative structure to make any sense. *Hallett v. Stow Bd. of Edn.* (1993), 89 Ohio App.3d 309, 313, 624 N.E.2d 272, 274–275, quoting *Stuckey v. Lawrence Twp. Bd. of Trustees* (Aug. 24, 1992), Stark App. No. CA–8806, unreported, 1992 WL 214485 (Milligan, J., dissenting). In other words, the defenses and immunities of R.C. 2744.03 cannot be read to swallow up the liability provisions of R.C. 2744.02(B) so as to render them nugatory. With that in mind, we will now consider the specific issue of whether the appellee's supervision and planning of Carlisle Field Day involves the type of judgment or discretion intended to be protected by the political subdivision immunity statute.

In *McVey v. Cincinnati* (1995), 109 Ohio App.3d 159, 671 N.E.2d 1288, the First District Court of Appeals described the type of discretion that is immunized by R.C. Chapter 2744. The court in *McVey* held:

"Immunity attaches only to the broad type of discretion involving public policy made with 'the creative exercise of political judgment.' * * * Immunity does not apply to the negligence of employees in 'the details of carrying out the activity even though there is discretion in making choices.' " *Id.* at 163, 671 N.E.2d at 1290, quoting *Bolding v. Dublin Local School Dist.* (June 15, 1995), Franklin App. No. 94APE09–1307, unreported, 1995 WL 360227.

In *McVey,* the plaintiff was involved in an escalator accident at Riverfront Stadium in Cincinnati, Ohio. A large crowd had gathered at the bottom of an escalator after a game and the people on the escalator did not have a safe place to exit. As a result, the plaintiff was knocked backwards and hit her head on the steps of the escalator. In a lawsuit against the city for failing to utilize crowd

control, the court refused to immunize the city for the stadium manager's decision. In refusing to extend immunity to the city, the court held:

"Without question, the city made a decision, at some unspecified time, to install escalators in its stadium parking facility. That decision itself may have involved discretion. The operation of the escalators is a different issue, however, and the discretion involved in 'making choices' hardly rises to the 'creative exercise of political judgment.' " *Id.*

The Ninth District Court of Appeals has also refused to extend the defense and immunity provisions to situations involving the details of carrying out a specific activity. In *DuBose v. Akron Pub. Schools* (Apr. 29, 1998), Summit App. No. 18707, unreported, 1998 WL 208846, the plaintiff was injured while playing tug-of-war on the playground at Portage Path Elementary School. The students had been warned that they were not to play tug-of-war. The plaintiff knew that she was breaking the rules. The plaintiff suffered severe rope burns after she wrapped the rope around her hand in order to get a better grip.

In a lawsuit against the Akron Public Schools and some unknown employees, the plaintiff claimed that her injuries were proximately caused by the negligent supervision of the teachers who had supervised the playground at the time of the injury. The defendants argued that they were immune from suit pursuant to the defense and immunity provisions of R.C. 2744.03(A)(3) and (5). In the end, the court rejected the defendants' immunity claim stating as follows:

"[T]he negligence alleged herein—negligent supervision of children on a playground—does not involve the type of decision making with respect to public policy and planning that is characterized by a high degree of discretion and judgment."

Applying the narrow interpretation of discretionary immunity set forth in the above cases, we conclude that R.C. 2744.03(A)(3) does not protect a school district or school board from the negligent conduct of its employees in the details of carrying out the activity even though there is discretion in making choices. The negligence alleged herein does not involve the type of decision making with respect to public policy and planning that is characterized by such a high degree of discretion. Therefore, in our view, R.C. 2744.03(A)(3), with its emphasis on "discretion," does not relieve a political subdivision of the type of negligence alleged in this case. Accordingly, the appellant's first assignment of error is sustained.

In her second assignment of error, the appellant argues that the trial court erred in finding that she was required to plead that the appellee had acted maliciously, in bad faith, or in a wanton or reckless manner. Because we have determined that the appellee was not immune from tort liability, the appellant's

second assignment of error is rendered moot. Therefore, we need not address the appellant's second assignment of error.

Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court.

*Judgment reversed*
*and cause remanded.*

SHAW and THOMAS F. BRYANT, JJ., concur.