OPINION
{¶ 1} Plaintiff-appellant appeals from the June 3, 2005, Judgment Entry of the Richland County Court of Common Pleas which granted Summary Judgment in favor of defendants-appellees Shelby City School District and David M. Downs [hereinafter appellees].
 STATEMENT OF THE FACTS AND CASE {¶ 2} Plaintiff-appellant Donald Henney [hereinafter appellant] filed a complaint on March 8, 2004. A first amended complaint was filed on April 30, 2004. In the first amended complaint, appellant alleged that he was injured at a track meet as the result of the negligent, reckless and/or wanton behavior of defendants Shelby School District, David M. Downs, Kevin D. Calver and Philip D. Pierson, Jr.
 {¶ 3} Appellant's complaint was based upon the following allegations. Appellant claimed that he was injured on May 7, 2002, while competing as a member of the Bellevue High School Track team in a pole vault event held at Shelby High School. The track meet was governed by the rules book of the National Federation of State High School Associations (hereinafter NFSHSA). That rules book required that two-inch thick mats or "side pads" be placed on hard or unyielding surfaces adjacent to a pole vault landing pad. Appellant alleges that no side pads were used during the meet at which he was injured.
 {¶ 4} During one of his vaults, appellant's legs came down on the landing pad, but his upper body hit the hard surface to the right of the landing pad. Appellant asserts that if the side pads had been used, as required by the NFSHSA rules book, appellant would have landed on those side pads. As a result of falling on the hard surface, appellant claimed that he suffered injuries to his forehead and wrist. Defendant Calver was the athletic director at Shelby City Schools. Defendant Downs was the men's track coach at Shelby High School. Defendant Pierson was the pole vault judge at the May 7, 2002, track meet.
 {¶ 5} On October 22, 2004, the defendants filed a motion to dismiss. That motion was overruled by the trial court on December 2, 2004. Thereafter, the defendants filed a motion for summary judgment on April 14, 2005. On May 16, 2005, appellant filed a brief in opposition. However, in that brief, appellant did not oppose the motion with respect to defendants Calver and Pierson. The trial court granted appellees' motion for summary judgment in favor of all defendants in a June 3, 2005, Judgment Entry.
 {¶ 6} It is from the June 3, 2005, Judgment Entry that appellant appeals, raising the following assignments of error in regard to defendants-appellees Shelby School District and David M. Downs:[1]
 {¶ 7} "I. THE TRIAL COURT ERRED IN HOLDING THAT DEFENDANTS ARE IMMUNE FROM LIABILITY PURSUANT TO R.C. 1553.181 (THE RECREATIONAL USER STATUTE).
 {¶ 8} "II. THE TRIAL COURT ERRED IN HOLDING THAT PLAINTIFFA-PPELLANT ASSUMED THE RISK OF DEFENDANTS PROVIDING INADEQUATE SAFETY EQUIPMENT FOR THE POLE VAULTING EVENT."
 {¶ 9} This matter reaches this court upon a grant of summary judgment. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212.
 {¶ 10} Civ.R. 56(C) states, in pertinent part:
 {¶ 11} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 12} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall
(1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (citing Dresherv. Burt (1996), 75 Ohio St.3d 280, 662 N.E.2d 264).
 {¶ 13} It is based upon this standard that we review appellant's assignments of error.
 I {¶ 14} In the first assignment of error, appellant contends that the trial court erred when it held appellees Shelby City School District and Downs were immune from liability pursuant to R.C. 1533.181, otherwise known as the recreational user statute. We agree.
 {¶ 15} The recreational user statute, R.C. 1533.181, states as follows:
 {¶ 16} "A) No owner, lessee, or occupant of premises:
 {¶ 17} "(1) Owes any duty to a recreational user to keep thepremises safe for entry or use;
 {¶ 18} "(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;
 {¶ 19} "(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user.
 {¶ 20} Paragraphs (A)(1) and (A)(2) of the statute refer to a lack of duty to keep a "premises" safe. "Premises" is defined in R.C. 1533.18(A) as "all . . . state-owned lands, including any buildings and structures thereon." Based upon that definition, we find that the recreational user statute (R.C. 1533.181) does not apply to appellant's claims. Appellant has not claimed that there was a defect on the grounds of the High School nor in any building or structure located on the school grounds. The alleged negligence arose from the setting up of equipment for a track meet, namely, the side pads. Those side pads are pieces of portable athletic equipment, not part of the grounds or structure or building on the grounds of the school. See Ryall v. ColumbusFireworks Display Co., Inc., 95 Ohio St.3d 467, 2002-Ohio-2584
(flying shrapnel from a fireworks display had nothing to do with the premises as defined in R.C. 1533.18(A)).
 {¶ 21} Likewise, we find that paragraph (A)(3) of the statute does not apply to appellant's claim. Paragraph (3) states that an owner, lessee or occupant of premises assumes responsibility or liability for any injury to a person caused by a "recreational user." "Recreational user" means "a person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency of the state, or a lease payment or fee paid to the owner of privately owned lands, to enter upon premises to hunt, fish, trap, camp, hike, swim, operate a snowmobile or all-purpose vehicle, or engage in other recreational pursuits." R.C. 1533.18(B). Appellant's claim does not seek compensation for an injury caused by an act of a recreational user. Rather, appellant seeks compensation for an act or omission by appellees. Appellees were not recreational users.
 {¶ 22} For the foregoing reasons, appellant's first assignment of error is sustained.
 II {¶ 23} In the second assignment of error, appellant argues that the trial court erred when it held that appellant assumed the risk of appellees providing inadequate safety equipment for the pole vaulting equipment. We agree.
 {¶ 24} Whether the assumption of risk doctrine applies is a question of law for the court to decide. See, e.g., Wallace v.Ohio Dept. of Commerce, 96 Ohio St.3d 266, 2002-Ohio-4210,773 N.E.2d 1018, at ¶ 22. Under the doctrine, "[a] defendant has no duty to protect against certain risks that are so inherent in an activity that those risks cannot be eliminated." Cave v. Burt,
Ross App. No. 03CA2730, 2004-Ohio-3442; Bundschu v. Naffah
(2002), 147 Ohio App.3d 105, 112, 768 N.E.2d 1215. However, under the assumption of the risk doctrine, the sponsor of a sporting event has a duty "not to increase the risk of harm over and above the inherent risk of the sport." Bundschu, supra; Sicard v.University of Dayton (1995), 104 Ohio App.3d 27, 30,660 N.E.2d 1241.
 {¶ 25} Appellant has shown that NFSHSA rules require the use of side mats next to the landing pad to minimize the risk of falling onto a hard surface. (NFSHSA Track and Field and Cross Country 2002 Rules Book). Appellees increased the risk to the competitors in the pole vaulting event by failing to put the side pads in place. Accordingly, this court concludes that the doctrine of assumption of the risk does not apply.
 {¶ 26} Accordingly, appellant's second assignment of error is sustained.
 III {¶ 27} In their response brief, appellees argue that the trial court's decision can be affirmed on alternative grounds. Specifically, appellees argue that appellees are immune under Ohio's Political Subdivision Tort Liability Act, R.C. Chapter 2744.[2] We agree, in part.
 {¶ 28} The question of whether a political subdivision or governmental employee is entitled to this statutory immunity is a question of law for a court's determination. Conley v. Shearer
(1992), 64 Ohio St.3d 284, 291, 595 N.E.2d 862; Feitshans v.Darke County (1996), 116 Ohio App.3d 14, 19, 686 N.E.2d 536;Sharp v. Scioto County Joint Vocational School (Sept. 10, 2001), Scioto App. No. 01CA2770, 2001 WL 1085297. The Political Subdivision Tort Liability Act, codified at R.C. Chapter 2744, requires a three-tiered analysis to determine whether a political subdivision should be immune from liability. Pursuant to R.C.2744.02(A)(1), the general rule is that political subdivisions are not liable in damages when performing either a governmental or a proprietary function. Hubbard v. Canton City Bd. of Edn.,97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543. Once immunity is established, the second tier of the analysis is whether one of the exceptions to immunity set forth at R.C. 2744.02(B)(1) through (5) applies. Third, immunity can be reinstated if the political subdivision can successfully show that one of the defenses contained in R.C. 2744.03 applies.
 {¶ 29} We find that the facts of this case fall under the R.C. 2744.02(B)(4) exception to the general rule. Revised Code 2744.02(B)(4), as applicable in this case, stated as follows:[3]
 {¶ 30} "Political subdivisions are liable for injury, death, or loss to persons or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code."
 {¶ 31} Appellant alleges that his injury occurred on the grounds of a building used in connection with a governmental function, namely, a school building. We agree. Previously, the Ohio Supreme Court has held that public school districts are political subdivisions and Revised Code 2744.02(B)(4) is applicable when alleged negligent conduct occurs within or on the grounds of a school building. Hubbard v. Canton City School Bd.of Edn. (2002), 97 Ohio St.3d 451, 453-455, 2002-Ohio-6718,780 N.E.2d 543, 546-547. In accord, Hall v. Ft. Frye School Dist.Bd. Of Edn., 111 Ohio App.3d 690, 696, 676 N.E.2d 1241; Spaidv. Bucyrus City Schools, 144 Ohio App.3d 360, 364,760 N.E.2d 67; Hallet v. Stow Bd. Of Edn., 89 Ohio App.3d 309, 312,624 N.E.2d 272; Marcum v. Talwanda City Schools,108 Ohio App.3d 412, 416, 670 N.E.2d 1067. We find that R.C. 2744.02(B)(4) is equally applicable in this case since the alleged negligent, reckless and/or wanton behavior occurred on the grounds of a school.
 {¶ 32} The next question becomes whether immunity can be re-established pursuant to R.C. 2744.03. Here, we will begin to consider the appellees separately. See R.C. 2744.03(B).[4]
We will first consider appellee Shelby School System.
 {¶ 33} Appellee Shelby School System argues that immunity is re-established pursuant to clauses (A)(3) and/or (A)(5) of R.C.2744.03. Those clauses provide as follows, in relevant part:
 {¶ 34} "In a civil action brought against a political subdivision . . . to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability: . . .
 {¶ 35} "(3) The political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee.
 {¶ 36} ". . .
 {¶ 37} "(5) The political subdivision is immune from liability if the injury, death, or loss to persons or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner. . . ."
 {¶ 38} A review of the relevant clauses reveals that both clauses concern the exercise of discretion. The type of discretion referred to involves public policy and planning that is characterized by a high degree of discretion and judgment. SeeDubose v. Akron Pub. Schools (Apr. 29, 1998), Summit App. No. 18707, 1998 WL 208846. This type of discretion has been further defined as follows:
 {¶ 39} "Immunity attaches only to the broad type of discretion involving public policy made with `the creative exercise of political judgment.' . . . Immunity does not apply to the negligence of employees in `the details of carrying out the activity even though there is discretion in making choices.'"McVey v. Cincinnati (1995), 109 Ohio App.3d 159, 163,671 N.E.2d 1288 (quoting Bolding v. Dublin Local School Dist. (June 15, 1995), Franklin App. No. 94APE09-1307, 1995 WL 360227).
 {¶ 40} Applying the narrow interpretation of discretionary immunity set forth in the above cases, we conclude that neither R.C. 2744.03(A)(3) or (A)(5) protect a school district from the negligent conduct of its employees in the details of carrying out an activity such as a track meet. The negligence alleged herein does not involve the type of decision making with respect to public policy and planning that is characterized by such a high degree of discretion. Therefore, R.C. 2744.03(A)(3) and (A)(5), do not relieve a political subdivision of liability for the type of negligence alleged in this case. Consequently, appellee Shelby City School District is not immune under either R.C.2744.03(A)(3) or R.C. 2744.03(A)(5).
 {¶ 41} Thus, we find that the trial court erred when it granted summary judgment in favor of appellee Shelby City School District.
 {¶ 42} We now turn to whether immunity can be re-established pursuant to R.C. 2744.03 in regard to appellee Downs.
 {¶ 43} Revised Code 2744.03(B)(6) states as follows, in relevant part:
 {¶ 44} "[A]n employee is immune from liability unless . . .:
 {¶ 45} . . .
 {¶ 46} "(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;. . . ."
 {¶ 47} Appellee Downs argues that he is immune because there has been no showing that his actions or omissions were wanton or reckless. We agree.
 {¶ 48} "Malicious purpose" has been defined as the "willful and intentional design to do injury, or the intention or desire to harm another, usually seriously, through . . . unlawful or unjustified" conduct. Cook v. Hubbard Exempted Village Bd. ofEdn. (1996), 116 Ohio App.3d 564, 569, 688 N.E.2d 1058. "Bad faith" imports more than mere bad judgment or negligence. Id. It connotes a "dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud." Jackson v.McDonald (2001), 144 Ohio App.3d 301, 309, 760 N.E.2d 24.
 {¶ 49} "Wanton" conduct is the complete failure to exercise any care whatsoever. Fabrey v. McDonald Village Police Dept.
(1994), 70 Ohio St.3d 351, 356, 639 N.E.2d 31. However, mere negligence will not be construed as wanton misconduct in the absence of evidence establishing "`a disposition of perversity on the part of the tortfeasor'"; the actor must be aware that his conduct will probably result in injury. Id. (quoting Roszman v.Sammett (1971), 26 Ohio St.2d 94, 97, 269 N.E.2d 420). One acts recklessly "`if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.'" Jackson v. Butler Cty. Bd. of Cty. Commrs.
(1991), 76 Ohio App.3d 448, 454, 602 N.E.2d 363 (quoting Thompsonv. McNeill (1990), 53 Ohio St.3d 102, 104-105, 559 N.E.2d 705).
 {¶ 50} Generally, issues regarding malice, bad faith, and wanton or reckless behavior are questions presented to the jury.Fabrey, supra, at 356. However, summary judgment is appropriate in instances where the alleged tortfeasor's actions show "`that he did not intend to cause any harm . . ., did not breach a known duty through an ulterior motive or ill will, [and] did not have a dishonest purpose. . . ." Fox v. Daly (Sept. 26, 1997), Trumbull App. No. 96-T-5453, (quoting Hackathorn v. Preisse
(1995), 104 Ohio App.3d 768, 772, 663 N.E.2d 384).
 {¶ 51} In this case, we find that appellee Downs' conduct was, at most, negligent. The record shows that Downs was not aware of the problem with the pads. Downs had asked the pole vault team to put the pads out themselves. Although he did not check the pads to ensure that they were properly set up, the equipment was inspected by the track official and no concerns were relayed to Downs. Accordingly, we see no showing that Downs' conduct was with malicious purpose, in bad faith, wanton or reckless. Upon review, we conclude that, summary judgment was appropriate as to Downs, albeit on alternative grounds.
 {¶ 52} For the foregoing reasons, the judgment of the Richland County Court of Common Pleas is affirmed in part, in regard to appellee Downs, and reversed in part, in regard to Shelby City School District. This matter is remanded for further proceedings.
By: Edwards, J. Hoffman, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed, in part, as to appellee Downs and reversed, in part, as to appellee Shelby City School District. The matter is remanded for further proceedings. Costs assessed 34% to appellant and 66% to appellee Shelby City School District.
[1] Appellant does not appeal from the grant of summary judgment in favor of defendants Calver and Pierson.
[2] This issue was raised in the trial court by appellees in their motion for summary judgment. However, it was not addressed by the trial court.
[3] The parties agree on the applicable version of R.C.2744.02(B). R.C. 2744.02(B) has since been amended.
[4] "Any immunity or defense conferred upon, or referred to in connection with, an employee by division (A)(6) or (7) of this section does not affect or limit any liability of a political subdivision for an act or omission of the employee as provided in section 2744.02 of the Revised Code." R.C. 2744.03(B).