DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, East Union Township ("the township"), appeals from a judgment of the Wayne County Municipal Court that entered judgment against it and ordered it to pay damages to Appellee, Scott Sturgis. We affirm.
 {¶ 2} The dispute in this case involves a water drainage problem in the township on and around the property of Sturgis and the repeated flooding of Sturgis's basement. Storm water drains from Sturgis's property through his own drainage pipes into the township's drainage system, which includes an open ditch on Arnold Road, a culvert under the road, and a series of drainage pipes. The primary disagreement between the parties is whether the flooding of Sturgis's basement had resulted from problems with the township's storm sewer or Sturgis's own drainage system.
 {¶ 3} During May 2004, Sturgis contacted the township about the water drainage problem, hoping to have the problem corrected by the township. Sturgis later had the problem remedied at his own expense. A private contractor cleared and repaired the drainage system on Sturgis's property as well as a portion of the storm sewer on Arnold Road. Since that repair work was done, Sturgis contends that there have been no further drainage problems on his property.
 {¶ 4} On September 10, 2004, Sturgis filed a complaint against the township; seeking damages for the flooding of his basement as well as the money he expended to remedy the drainage problem. He maintained that the flooding had resulted from the township's negligent installation and maintenance of its storm sewer on Arnold Road.
 {¶ 5} The township moved for summary judgment, contending that it was immune from liability pursuant to R.C. Chapter 2744. It argued that its actions concerning the drainage problem on Arnold Road had involved discretionary decisions by the township and were immune from liability pursuant to either R.C.2744.03(A)(3) or 2744.03(A)(5). In opposition to summary judgment, Sturgis asserted that the township's installation and maintenance of the storm sewer had been a ministerial act and, pursuant to R.C. 2744.02(B)(2), was not protected by sovereign immunity. Sturgis further contended that none of the defenses to immunity set forth in R.C. 2744.03 applied to the facts of this case.
 {¶ 6} The trial court found that the township had failed to meet its burden on summary judgment to establish its immunity defense as a matter of law and denied the motion for summary judgment.
 {¶ 7} The matter proceeded to trial before a magistrate. At the hearing, the township attempted to prove that the flooding of Sturgis's basement had been caused by a blockage in the drainage system on his own property and not by any problem with the township's storm sewers. During his testimony, Sturgis drew a picture of the area. As part of its cross-examination of another witness and the direct examination of its own witnesses, the township's counsel asked the other witnesses to add to the illustration, and this drawing apparently could be seen by those present in the courtroom. The witnesses gave much of their testimony either through their own act of drawing or by making reference to the illustration. Although the magistrate, as trier of fact, was apparently able to observe the drawing as it evolved during the testimony, the drawing was not introduced or admitted as an exhibit.
 {¶ 8} The magistrate recommended that judgment be granted in favor of Sturgis and that he be awarded damages. The township filed timely objections to the magistrate's decision and filed a transcript of the hearing before the magistrate, which included the exhibits that were admitted into evidence. After reviewing the objections, the trial court indicated that it was unable to review the merits of the township's challenges to the magistrate's factual findings because the record did not include all of the evidence from the hearing. Specifically, the drawing of the area that had been created by the witnesses throughout the hearing had not been made a part of the record. Consequently, the trial court adopted the magistrate's factual findings and independently entered judgment for Sturgis in the amount of $6,535.47 plus interest.
 {¶ 9} The township appeals and raises four assignments of error.
 ASSIGNMENT OF ERROR I
The Wayne County Municipal Court erred as a matter of law when it denied East Union Township's Motion for Summary Judgment."
 {¶ 10} The township first challenges the trial court's denial of its motion for summary judgment. The township had moved for summary judgment, contending that it was entitled to sovereign immunity. Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) [N]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex. rel.Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589.
 {¶ 11} Doubts must be resolved in favor of the nonmoving party. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679,686.
 {¶ 12} A party moving for summary judgment bears an initial burden of pointing to "some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support that party's claims." Dresherv. Burt (1996), 75 Ohio St.3d 280, 293. (Emphasis sic.) "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." Id. at 294.
 {¶ 13} As a general rule, political subdivisions are immune from liability in civil actions against them for tort damages. See R.C. 2744.02(A)(1). R.C. 2744.02(A)(1) classifies the functions of political subdivisions into governmental and proprietary functions. Pursuant to R.C. 2744.01(G)(2)(d), the township's maintenance and operation of its sewer system is a proprietary function.
 {¶ 14} R.C. 2744.02(B) details situations in which a political subdivision is not shielded by immunity. Sturgis maintained that the township was liable under R.C. 2744.02(B)(2), which provides that political subdivisions are liable for property damage "caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." Sturgis maintained that the employees of the township had negligently maintained the sewer system on Arnold Road.
 {¶ 15} The exceptions to nonliability in R.C. 2744.02(B) are themselves subject to exceptions listed in R.C. 2744.03. That section lists a number of "defenses or immunities" to the liability permitted by R.C. 2744.02(B). In its motion for summary judgment, the township asserted that, even if the immunity exception set forth in 2744.02(B)(2) applied, the township was nevertheless entitled to assert any of the relevant defenses of R.C. 2744.03. See Greene Cty. Agricultural Soc. v. Liming
(2000), 89 Ohio St.3d 551, 557 (detailing the three-tiered analysis of whether a political subdivision is immune from tort liability under R.C. 2744.02 and 2744.03).
 {¶ 16} The township claimed that it was entitled to either of the defenses set forth in R.C. 2744.03(A)(3) or 2744.03(A)(5), which provide that a political subdivision is immune from liability if:
"(3) * * * the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee.
* * *
"(5) * * * the injury, death, or loss to person or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources * * *."
 {¶ 17} In support of its motion for summary judgment, the township pointed to evidence that Sturgis had contacted the township about the flooding problem and that the township had considered taking action to remedy the problem. The township pointed to no further evidence, nor did it cite any supporting case law, to attempt to demonstrate that its actions or inactions concerning the flooding problem on Sturgis's property had involved discretionary decisions.
 {¶ 18} This Court has held that the exceptions to immunity set forth in R.C. 2744.03 must be narrowly construed. Hallett v.Stow Bd. of Edn. (1993), 89 Ohio App.3d 309, 312-313. Routine decisions are not shielded by immunity under R.C. 2744.03(A)(3) or 2744.03(A)(5). See Addis v. Howell (2000),137 Ohio App.3d 54, 60. A "discretionary" act necessarily involves "[s]ome positive exercise of judgment that portrays a considered adoption of a particular course of conduct in relation to an object to be achieved[.]" Id.
 {¶ 19} The township failed to cite any case law or point to any evidence to demonstrate that its decisions regarding the flooding problem on Sturgis's property involved any exercise of discretion on the part of the township. Therefore, it failed to meet its initial Dresher burden and the trial court properly denied its motion for summary judgment. The first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The Wayne County Municipal Court erred when it deferred to the magistrate's decision in favor of the plaintiff despite being unable to independently make a determination of the facts based on the transcript."
 ASSIGNMENT OF ERROR III
"The Wayne County Municipal Court abused its discretion by allowing the Magistrate to deny East Union's Motion for dismissal under Civil Rule 41(B)(2)."
 ASSIGNMENT OF ERROR IV
"The Wayne County Municipal Court abused its discretion by affirming a judgment in favor of [Sturgis] when it is against the manifest weight of the evidence."
 {¶ 20} We will address the second, third, and fourth assignments of error together because they are closely related. The township challenges the trial court's ruling on its objections to the magistrate's decision.
 {¶ 21} The township filed objections to the magistrate's factual findings and, although it supported its objections with a transcript of the hearing and all the exhibits that were admitted into evidence, that evidence failed to include the drawing of the area that was prepared by several of the witnesses, because the township never introduced it into evidence. This drawing itself included information upon which the magistrate based his decision and each of the witnesses made reference to the drawing during his testimony. As the trial judge explained in his ruling on the objections, it is impossible to understand the witness testimony without seeing the drawing.
 {¶ 22} Moreover, even if the drawing had been introduced into evidence, unless it included labels or other identifying marks, it would have been impossible for the trial court to understand the full content of this illustrative testimony. In addition to the trial court's inability to observe the drawing made by the witnesses, there were several other points at which witnesses gave testimony that is not adequately reflected on the record. Several times, while witnesses testified about some of the pictures that were admitted into evidence, they were apparently pointing to the pictures, but the record does not reflect the content of their nonverbal testimony.
 {¶ 23} For example, when testifying about one of the pictures of the area, a witness made reference to "this area here" and explained that the water flowed "this way and this way." The witness made no verbal references to identifiable points on the pictures, nor were any notations made on the picture to preserve this testimony on the record. A reviewing court cannot discern what "this area here" is, nor can it decipher the meaning of "this way and this way." The impact on the trier of fact of all the nonverbal testimony cannot be reviewed because the gestures were not reflected on the record. See, e.g., State v. Wilson
(1972), 30 Ohio St.2d 312, 314 (noting that the impact on the trier of fact of nonverbal gestures "should have been described in detail to the record" if the appellant intended to challenge them on appeal); Drummond v. Bond (Aug. 1, 1978), 3d Dist. No. 5-78-12 (noting that use of demonstrative gestures that are not reflected in the printed record are meaningless and their impact on the outcome of the case is impossible to review).
 {¶ 24} Because the township failed to ensure that the meaning of all the nonverbal testimony was reflected on the record, the record is so incomplete that it is meaningless to a reviewing court. Civ.R. 53(E)(3)(c) provides that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." The burden of providing the trial court with a transcript of evidence rests with the objecting party. Weitzel v. Way, 9th Dist. No. 21539, 2003-Ohio-6822, at ¶ 17. "Where the failure to provide the relevant portions of the transcript or suitable alternative isclear on the face of the submissions, the trial court cannot then address the merits of that factual objection because the objecting party, whether through inadvertence or bad faith, has not provided all of the materials needed for the review of that objection." (Emphasis sic.) Wade v. Wade (1996),113 Ohio App.3d 414, 418, 680 N.E.2d 1305. "It [is the objecting party's] duty to provide all of the relevant materials needed for [a] trial court to properly address [the] objections." (Emphasis sic.) Id.
 {¶ 25} As explained above, contrary to the requirements of Civ.R. 53(E), the township failed to support its objections with all of the relevant evidence that was before the magistrate at the hearing. The trial court properly concluded that it could not review the magistrate's factual findings and had to defer to them.
 {¶ 26} Moreover, Civ.R. 53(E)(3)(d) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Because the township failed to file properly-supported objections, it did not preserve this issue for appellate review under Civ.R. 53(E). Consequently, the township's assignments of error have no merit.
 {¶ 27} Although the township contends that the trial court erred by failing to cure the deficiency in the record by taking additional evidence, holding a hearing, or sending the matter back to the magistrate, the township did not ask the court to attempt to correct the record. The township submitted objections, filed a transcript, and waited for a ruling on its objections.
 {¶ 28} Moreover, even if the township had proffered additional evidence, Civ.R. 53(E)(4)(b) provides that the trial court "may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration." The township does not contend that it could not have produced this evidence for the magistrate's consideration and, in fact, concedes that the evidence was before the magistrate. The township simply failed to preserve the record for the trial court's review. The trial court did not err in failing to take steps, sua sponte, to correct the deficiency in the record before it. The township's second, third, and fourth assignments of error are overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, J. Whitmore, J. concur.